Citation Nr: 1602920 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 10-01 727 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUE

Entitlement to a rating in excess of 10 percent for a back disability. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

J. Ivey-Crickenberger, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1999 to November 1999 and from July 2003 to June 2004, including service in Afghanistan. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions dated August 2007 by the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana.

The Veteran was afforded a video hearing before the undersigned Veterans Law Judge in October 2015. The hearing transcript is associated with the record.

The issue of chronic pain syndrome as secondary to a back disability has been raised by the record in the December 2008 Statement from the Veteran which expressed intent to appeal the denial of service connection for chronic pain syndrome, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The issues of entitlement to a rating in excess of 10 percent for a low back disability, and entitlement to ratings in excess of 10 percent each for bilateral lower extremity radiculopathy are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. During the appeals period, the Veteran's low back disability has been productive of neurologic impairment of the right lower extremity that results in disability analogous to mild incomplete paralysis of the sciatic nerve.

2. During the appeals period, the Veteran's low back disability has been productive of neurologic impairment of the left lower extremity that results in disability analogous to mild incomplete paralysis of the sciatic nerve.
CONCLUSIONS OF LAW

1. The criteria for a separate 10 percent evaluation for right-sided mild incomplete paralysis of the sciatic nerve have been met. 38 U.S.C.A. §§ 1155, 1159, 5107 (West 2014); 38 C.F.R. §§ 3.321, 3.957, 4.1, 4.2, 4.7, 4.40, 4.45, 4.123, 4.124, 4.124a; Diagnostic Code 8520 (2015). 

2. The criteria for a separate 10 percent evaluation for left-sided mild incomplete paralysis of the sciatic nerve have been met. 38 U.S.C.A. §§ 1155, 1159, 5107 (West 2014); 38 C.F.R. §§ 3.321, 3.957, 4.1, 4.2, 4.7, 4.40, 4.45, 4.123, 4.124, 4.124a; Diagnostic Code 8520 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

In this decision, the Board grants an increased rating for the Veteran's back disability by granting separate ratings for lower extremity radiculopathy bilaterally, which represents a partial grant of the benefit sought. The remainder of the Veteran's claim is remanded for further development. As such, no discussion of VA's duties to notify and assist is necessary. 

Principles for Rating Disabilities

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes (DCs) identify the various disabilities. 38 U.S.C.A. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history, and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of a veteran working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

The degree of impairment resulting from a disability is a factual determination and generally the Board's primary focus in such cases is upon the current severity of the disability. However, staged ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007).

In rating diseases and injuries of the spine under 38 C.F.R. § 4.71a, objective neurological abnormalities must be rated separately under an appropriate diagnostic code. 

Increased Rating - Peripheral Neuropathy due to Back Disability

The Veteran's back disability is currently rated as 10 percent disabling, however he asserts that this does not adequately account for his back disability. The appropriate rating for the Veteran's spinal symptoms, alone, is remanded below for further development. As noted above, however, neurological abnormalities resulting from spinal injuries should be rated separately under appropriate diagnostic codes.

In the October 2015 hearing, the Veteran testified that he had neuropathic pain radiating to both legs due to his low back disability. The Veteran asserted that the radiating pain was inconsistent, but that it was present during the entire appeal period and worsened over time. The Veteran is competent to report symptoms of neurological pain in his extremities. The Board also finds the Veteran's testimony credible. Although the Veteran's numerous VA examinations declined to diagnose the Veteran with radiculopathy, the December 2006 VA examination indicated that the Veteran reported paresthesias. 

Thus, based on the evidence of record, the Board finds that the Veteran's low back disability has been productive of neurologic impairment of both lower extremities that results in disability analogous to mild incomplete paralysis of the sciatic nerve. Ratings in excess of 10 percent for each lower extremity is remanded for further development.


ORDER

A separate rating of 10 percent for radiculopathy of the left lower extremity resulting in mild partial paralysis of the sciatic nerve is granted.

A separate rating of 10 percent for radiculopathy of the right lower extremity resulting in mild partial paralysis of the sciatic nerve is granted.


REMAND

The appeal period in this case stretches to August 2005. The RO granted service connection at a noncompensable rating for a back disability in a rating decision dated August 2007. In a rating decision dated April 2013, the RO increased the rating to 10 percent and subsequently granted the increased rating to the original claim date. The Veteran asserts that a 10 percent rating does not adequately account for his level of disability. 

The Veteran was afforded VA examinations for his back in December 2006, December 2007, and March 2012. In support of his claim, the Veteran asserts that the examination reports are inadequate because the examiner physically pushed the Veteran to a range of motion that he could not have achieved alone. 

Based on the Veteran's assertions, the Board finds that the Veteran's most recent examination was inadequate and a new examination is necessary to determine the current severity of the Veteran's back disability. 

During the hearing before the Board in October 2015, the Veteran noted that he had received physical therapy with the VA for approximately three years. An overview of the evidence on file reveals only two treatment notes with VA physical therapy. As such, any pertinent VA medical records, including any missing physical therapy notes, should be obtained on remand. Any relevant private treatment records not currently on file, if such records exist, should also be requested. In addition, the Veteran stated during the Board hearing that he experienced intermittent neurological symptoms associated with his back disability, for which the Board has granted a 10 percent rating bilaterally. On remand, the RO should conduct any development deemed necessary to determine the extent of the Veteran's lower extremity neurological symptoms associated with the lower back disability. 

Moreover, the Veteran's Board hearing testimony reflects that he has missed significant work due to his back disability. The Veteran should be invited to submit evidence related to his work absences in the form of human resource records or lay statements that detail the frequency and duration of work absences due to his back disability. He should also be notified that he can submit lay statements from others that have first-hand knowledge and/or were contemporaneously informed of the extent and severity of his current symptoms.

Accordingly, the case is REMANDED for the following action:

1. Obtain any pertinent outstanding VA treatment records, to include any outstanding VA physical therapy treatment notes, and associate them with the claims file.

2. Notify the Veteran that he may submit lay statements from himself and from others (such as friends, neighbors, siblings, a spouse, etc.) who have first-hand knowledge of and/or were contemporaneously informed of the extent and severity of his current back disability symptoms. He should be provided an appropriate amount of time to submit this lay evidence.

3. Provide the Veteran an opportunity to submit any outstanding private treatment records pertaining to his back disability. Provide the Veteran with the appropriate authorization for release form(s).

4. Invite the Veteran to submit evidence regarding his work absences due to his back disability. Such evidence may be human resources documentation or lay evidence from the Veteran or others with first-hand knowledge and which reflect the frequency and duration of such work absences. He should be provided an appropriate amount of time to submit this evidence.

5. After completing the above development to the extent possible, schedule the Veteran for an appropriate VA examination with someone other than the March 2012 examiner to determine the current severity of his back condition. The claims file should be made available to and reviewed by the examiner. The examiner should not attempt to assist the Veteran in reaching a range of motion beyond his ability. 

All appropriate tests and studies should be conducted. All findings and conclusions - specifically including any complaints of pain expressed by the Veteran - should be set forth in the report.

Where indicated, the VA examiner should conduct range of motion testing and provide commentary regarding symptoms including painful motion, functional loss due to pain, excess fatigability, weakness, and additional disability during flare-ups. Any additional loss of motion with repetitive movement must be noted. The examiner should inquire as to periods of flare-up, and note the frequency and duration of any such flare-ups. The examiner must estimate the effect of all functional losses, including due to flare-ups, by equating the disability experienced due to such losses to additional loss of motion (stated in degrees) beyond what is shown clinically, i.e., what is his pain-free range of motion.

The examiner should also identify and comment on the extent of any neurologic manifestations of the Veteran's back disability, including bladder and bowel control issues or associated pains in the right and left lower extremities. 

6. Then readjudicate the appeal. If the benefit sought on appeal remains denied, the Veteran should be furnished with a supplemental statement of the case and be given the opportunity to respond. Thereafter, the case should then be returned to the Board for further appellate consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).



(continued on following page)

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).

Department of Veterans Affairs